UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT L. STEVENS, ET AL. | CIVIL ACTION NO. 05-2231 |
| versus | JUDGE STAGG |
| KANSAS CITY SOUTHERN RAILWAY COMPANY, ET AL. | MAGISTRATE JUDGE HORNSBY |

# **MEMORANDUM ORDER**

The parents of Robby Stevens, individually and on behalf of their son, filed this action in state court against Kansas City Southern Railway Company ("KCS"). They alleged that Robby was driving a pickup truck when a KCS locomotive collided with the truck. Robby's passenger was killed on impact. According to the petition, Robby was rendered unconscious (for an unspecified time) and trapped under the body of his passenger for "a period of time until emergency medical workers arrived" and removed Robby from the wreckage. Robby is also alleged to have "sustained personal injuries requiring medical treatment." The petition does not pray for a particular amount of damages or further describe the injuries, other than to categorize them as physical pain and suffering, medical expenses, etc.

The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). In a removed case, the removing defendant has the burden of showing that the amount in

controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. <u>Luckett v. Delta Airlines</u>, 171 F.3d 295, 298 (5th Cir. 1999); <u>Simon v. Wal-Mart Stores, Inc</u>., 193 F.3d 848 (5th Cir. 1999).

The petition was summarized above. The notice of removal includes only a general assertion that the amount in controversy exceeds $75,000. KCS does not add any additional facts with respect to the nature, extent and duration of Robby's injuries or the nature and cost of the medical expenses he has incurred or will incur.

Before the court takes a final position on whether KCS has satisfied its burden, KCS will be permitted until **February 17, 2006** to file an **Amended Notice of Removal** to allege specific facts and make its best case for the existence of subject matter jurisdiction. When doing so, KCS should also allege the state of incorporation for **John Goode Trucking, Inc.**, which is not included in Paragraph 6 of the original Notice of Removal.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 25th day of January, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE